Dolores Calderón Rivera de Suárez, Plaintiff and Appellant, *v.* Jesús Berríos Ortiz, Defendant and Appellee; Municipality of Carolina, Intervener and Appellee.

No. 6248.   Argued April 20, 1934.—Decided September 29, 1934.

*J. J. Ortiz Alibrán* for appellant. *Félix C. Más* for appellee. *Benjamin J. Horton, Attorney General (Charles E. Winter* on the brief) and *Emilio Aldrey, Assistant Attorney General* for intervener.

Mr. Justice Hutchison delivered the opinion of the Court.

Dolores Calderón Rivera, widow of Suárez, plaintiff in a revendicatory action, prayed for a judgment containing the following pronouncements: That plaintiff is the sole owner of a lot described in the complaint; that the defendant Berríos is in unlawful possession of said lot without any right or title thereto, to the prejudice of plaintiff's property rights; that the defendant Berríos be evicted; that the defendant Berríos, acting in bad faith, has built on the said lot a house described in the complaint; that the defendant Berríos be

deprived of his property rights in the said house without compensation and that plaintiff be authorized to demolish the same; and that plaintiff be awarded costs and granted any other relief that may be proper.

At the commencement of the trial plaintiff moved orally for a judgment on the pleadings. The complaint had been verified and the main ground of the motion was the alleged insufficiency of an affidavit appended to the answer filed by Berríos. In the meanwhile, the Municipality of Carolina had intervened, claiming ownership of the lot and the plaintiff had filed a cross-complaint against the municipality. The District Judge asked counsel for plaintiff whether the motion should not have been presented before the commencement of the trial, but counsel insisted that it was not too late. Counsel for Berríos contended that the affidavit was good and asserted his right to amend in any event and requested permission to amend in case the court should take a different view as to the sufficiency of the affidavit. The District Judge said there was no doubt that the affidavit might be amended. Counsel for Berríos then renewed his request for permission to amend the affidavit so as to cure any technical defect. Counsel for plaintiff objected without stating the grounds of the objection and the judge turned to counsel for the municipality, who challenged the affidavit attached to the complaint and said that if the complaint was not properly verified, the answer need not be verified. Counsel for plaintiff insisted that the complaint was sufficiently verified. After a short colloquy between the judge and counsel for the municipality, the judge ruled in favor of the plaintiff on the question raised by counsel for the municipality and asked counsel for the municipality whether he had anything more to say, to which counsel replied reaffirming his position. Counsel for plaintiff stressed a point previously made to the effect that the answer, aside from any question as to the sufficiency of the affidavit, admit-

414

ted all the facts set forth in the complaint. The Judge then said:

"The court sustains the motion of counsel and renders judgment on the pleadings against defendant, Jesús Berríos Ortiz, sustaining the complaint as to said defendant."

To this defendant Berríos took an exception. No judgment on the pleadings seems to have been reduced to writing nor entered in the judgment book nor signed by the District Judge, except as hereinafter indicated. No notice of any judgment on the pleadings seems to have been given Berríos and no copy of any such notice was filed. His right to appeal from the so-called judgment on the pleadings has not been lost. On such an appeal Berríos would be entitled to a reversal because of the failure of the District Judge to allow him an opportunity to amend his affidavit and, if necessary, his answer, unless he should be deemed to have waived his right. Hence we need not stop to consider the merits of the answer aside from the question of verification, although we fail to find therein the alleged admissions referred to by counsel for plaintiff without elaboration or any clear statement of the theory on which he based his contention in the district court.

The foregoing concedes for the sake of argument only the existence of a judgment on the pleadings. As a matter of fact, such judgment, if any, was merged in the subsequent judgment on the merits, as will presently more fully appear.

The trial proceeded with practically no limitation upon the scope of the evidence and the District Judge rendered judgment in favor of plaintiff and against both Berríos and the municipality. Plaintiff appeals from the judgment against the municipality only so far as the failure to include an award of costs is concerned. The dispositive portion of the judgment as between plaintiff and Berríos reads as follows:

"The plaintiff filed a motion for a judgment on the pleadings against defendant, Jesús Berríos Ortiz, on the ground of insufficiency of the answer filed by the latter to the complaint.

"The parties having been heard on said motion, the court is of the opinion that, as worded, such answer does not meet the requirements of Section 110 of the Code of Civil Procedure, nor does it controvert the averments of the complaint, and therefore it sustains the said motion for a judgment on the pleadings and consequently renders judgment sustaining the complaint as against defendant, Jesús Berríos Ortiz, with the following pronouncements, after weighing all the evidence introduced in the case:

"A.—It finds that plaintiff, Dolores Calderón Rivera, widow of Suárez, is the sole owner of the building lot hereinafter described;

"B.—It also finds that defendant, Jesús Berríos Ortiz, has been and is in unlawful possession of the said lot, without any right or title thereto;

"C.—It finds that the defendant has built the structure now existing on said lot, that is, a one-story house built of concrete, galvanized iron and wood, measuring 8.07 meters in front by 15 meters deep; but that as the said building was not erected in bad faith, such structure should not be ordered pulled down.

"D.—It finds that by virtue of the proceeding pronouncement, the parties are bound to comply with the provisions of Section 297 of the Civil Code (1930 ed.), that is that the plaintiff appropriate to herself the work by previously paying the compensation established in Sections 328 and 383 of said Code, or to compel the person who built to compensate her for the value of the land upon the proper assessment; and

"E.—It finds that there was no manifest obstinacy on the part of the said defendant and he is therefore exempted from the payment of costs."

Plaintiff also appealed from the parts of this judgment contained in Subdivisions C, D, and E. The first assignment is that the district court erred in taking into consideration, after having rendered judgment on the pleadings against Berríos, questions arising out of the evidence adduced at the trial in support of the complaint in intervention and of plaintiff's cross-complaint on rendering in writing the subsequent judgment on the pleadings against Berríos, at vari-

ance with the judgment previously rendered and subversive of the theory of judgments on the pleadings (*y desnaturaliza el concepto de la sentencia por las alegaciones*). Technically perhaps this contention of the appellant is not wholly without merit, if the final judgment be regarded as a mere judgment on the pleadings. It is not, however a mere judgment on the pleadings, notwithstanding the reference to a motion for such a judgment and the preliminary pronouncements with reference to such motion and the sufficiency of the answer. It is in substance and in fact a judgment on the merits after weighing the evidence. In other words, it is a judgment based on the facts established by that evidence, as found by the trial judge, notwithstanding the formal restatement of his previous oral ruling on the verbal motion for a judgment on the pleadings. It is not inconsistent with the previous so-called judgment on the pleadings because that judgment contained no specific pronouncements contrary to those covered by Subdivisions C, D and E, supra. In any event, plaintiff was not misled in any way to his prejudice, the result was right, and a final judgment for plaintiff containing all the pronouncements prayed for in his complaint, notwithstanding the facts established at the trial, would have been a manifest miscarriage of justice. The whole matter was still under the control of the trial judge and he did not err in refusing to close his eyes to the facts and to the obvious demands of substantial justice and in rendering final judgment in accordance therewith.

The second assignment is that the district court erred in denying plaintiff's motion for an amendment of the various pronouncements in the form of a single judgment. This question, as presented in the court below and as developed in the brief for appellant, need not be separately discussed.

We find no abuse of discretion in the refusal of the District Judge to mulct the municipality and the defendant Berríos in costs. This disposes of the third assignment.

The judgments and order appealed from must be affirmed.